UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL EDWARD GILBERT,

Plaintiff,

v.

CLEAR RECON CORP., et al.,

Defendants.

No. 2:26-cv-0153-DAD-CKD (PS)

ORDER

Plaintiff Paul Edward Gilbert initiated this action on January 20, 2026, with a pleading styled as "Petition in Equity for Relief from Breach of Trust and Restoration of Property." (ECF No. 1.) Plaintiff proceeds without counsel.

On February 13, 2026, defendant CitiBank, N.A., filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 4.)

On February 17, 2026, defendant Clear Recon Corp. filed a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 6.)

On February 19, 2026, defendant NewRez LLC filed a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 9.)

On the court's own motion, a hearing on the motions to dismiss listed above was re-set to take place on April 1, 2026. (ECF No. 14.) For the reasons set forth below, the hearing will be vacated.

1

Local Rule 230(c) states "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party…."

Plaintiff did not timely file an opposition to any of the three motions to dismiss listed above. Instead, on March 9, 2026, petitioner filed a "First Amended Petition in Equity." (ECF No. 16.) Plaintiff did not seek leave to amend to file the amended pleading or indicate he obtained defendants' consent to the amendment.[1]

Federal Rule of Civil Procedure 15 provides as follows with respect to amendment of pleadings before trial:

> (1) [….] A party may amend its pleading once as a matter of course no later than:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)-(2).

Here, plaintiff was served with a motion under Rule 12(b) on February 13, 2026. (See ECF No. 4 at 20.) The time for plaintiff to amend as a matter of course expired on March 6, 2026, but plaintiff did not file the First Amended Petition in Equity until March 9, 2026. (ECF No. 16.) Although the court should freely give leave to amend when justice so requires, plaintiff has not explained any reasons to support granting leave to amend at this point and has not established that leave to amend should be granted when the defendants' unopposed motions to dismiss the original pleading are pending.[2]

////

---

[1] On March 23, 2026, defendant NewRez LLC filed a motion to dismiss the first amended petition. (ECF No. 17.)

[2] The court notes this is not the first action filed by plaintiff in this district court against these three defendants, among others. See Gilbert v. Clear Recon Corp, et al., 2:24-cv-2308-DC-CKD (PS).

The court will provide plaintiff a further opportunity to do one or more of the following within 21 days of the date of this order: (1) respond to the pending motions to dismiss; (2) file a properly noticed motion for leave to amend to proceed on the First Amended Petition in Equity filed on March 9, 2026; and/or (3) obtain all defendants' consent to proceed on the amended pleading filed on March 9, 2026. Plaintiff is instructed to comply with Local Rule 230 to file a properly noticed motion for leave to amend.

The hearing set for April 1, 2026, on defendants' motions to dismiss the original pleading will be vacated. Plaintiff is cautioned that failure to respond to this order will be construed as non-opposition to the granting of the pending motions to dismiss and may also constitute grounds for dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

For the reasons set forth above, IT IS ORDERED as follows:

1. The hearing on defendants' motions to dismiss set for April 1, 2026, is VACATED.

2. Within 21 days of the date of this order, plaintiff shall do any of the following: (1) file responses to the pending motions to dismiss; (2) file a properly noticed motion for leave to amend to proceed on the First Amended Petition in Equity filed on March 9, 2026; and/or (3) obtain all defendants' consent to proceed on the amended pleading filed on March 9, 2026.

3. Plaintiff's failure to file written oppositions or otherwise comply with the order above will be deemed plaintiff's consent to the granting of the motions to dismiss and may also constitute a ground for the imposition of appropriate sanctions, including a recommendation that this case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. Defendants may file replies to any oppositions filed by plaintiff to the pending motions to dismiss within 10 days of plaintiff's filing.

Dated:  March 23, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 gilb26cv0153.nooppo.r15

3