UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL EDWARD GILBERT,<br>Plaintiff,<br>v.<br>CLEAR RECON CORP, et al.<br>Defendants. | No. 2:26-cv-00153-DAD-CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Paul Edward Gilbert proceeds pro se on a first amended complaint styled as a First Amended Petition in Equity. (ECF No. 16.) This case is referred to the undersigned by operation of Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b)(1). Defendants Clear Recon Corp., NewRez LLC, and CitiBank, N.A. filed motions to dismiss under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 17, 18, 19.)

After the motions to dismiss were fully briefed, on August 26, 2026, plaintiff filed a motion for a temporary restraining order (TRO) under Rule 65(b) of the Federal Rules of Civil Procedure. (ECF No. 26.) In that motion, plaintiff also requests leave to amend the complaint. (Id.) The district judge assigned to this case referred plaintiff's motion to the undersigned. (ECF No. 28.) The motion is appropriate for decision without oral argument. See Local Rule 230(g). As set forth below, the court lacks subject matter jurisdiction over the operative pleading as well as

plaintiff's proposed amended pleading. Accordingly, this case should be dismissed and plaintiff's motion for a TRO and for leave to amend should be denied.

## I. Background

Plaintiff previously filed suit in Gilbert v. Clear Recon Corp., No. 2:24-cv-2308-DC-CKD in this district court against the present defendants—Clear Recon Corp., NewRez LLC, and CitiBank, N.A., among other defendants ("plaintiff's prior case"). In plaintiff's prior case, he sought damages, declaratory judgment, and injunctive relief and asserted constitutional and state law claims arising out of an alleged wrongful foreclosure of real property. On September 9, 2025, the district court judge assigned to plaintiff's prior case dismissed the prior case for failure to state a claim and entered judgment.

Plaintiff initiated the present action on January 20, 2026, with a complaint styled as "Petition in Equity for Relief from Breach of Trust and Restoration of Property" naming Clear Recon Corp., NewRez LLC, Citibank N.A., and Doe defendants. (ECF No. 1 at 6.) On March 9, 2026, plaintiff filed the operative complaint styled as First Amended Petition in Equity. (ECF No. 11.) Therein, plaintiff seeks equitable and declaratory relief based on a challenge to the same non-judicial foreclosure at issue in his prior case, No. 2:24-cv-2308-DC-CKD.

On March 23, 2026, each defendant named in this suit filed a motion asking this court to dismiss plaintiff's claims in the First Amended Petition in Equity without leave to amend. (ECF No. 17, 18, 19.) Plaintiff filed a combined opposition. (ECF No. 23.) Defendants NewRezLLC and CitiBank, N.A. filed replies. (ECF Nos. 24, 25.) The court previously found the motions to dismiss were suitable for decision without oral argument pursuant to Local Rule 230(g). (ECF No. 22.)

On August 26, 2026, plaintiff filed the motion requesting a TRO and leave to file a second amended pleading. (ECF No. 26.) The basis stated for the TRO is that after plaintiff filed his operative pleading, Citibank, N.A. executed a Grant Deed dated July 7, 2026, purporting to convey the subject real property to The FDR Trust. (Id. at 2.) Plaintiff requests restraint on "further material changes to the subject property," to conduct limited expedited discovery, and leave to amend to file a second amended pleading. (Id.) In the second amended pleading, plaintiff

seeks to add two individuals and The FDR Trust as defendants. (ECF No. 26-1.) The proposed second amended pleading attempts to plead a procedural due process claim under 42 U.S.C. § 1983 and a related supplemental state law claim for wrongful foreclosure. (Id. at 9, 14.) The proposed second amended pleading states it "concerns the same real property and the same sequence of asserted foreclosure-derived interests." (Id. at 2.) Defendants Citibank, N.A. and NewRez LLC filed oppositions to the ex parte application. (ECF Nos. 27, 29.)

**II. Subject Matter Jurisdiction**

The court lacks subject matter jurisdiction over the operative First Amended Petition in Equity. Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Insurance Co. Of America, 511 U.S. 375, 377 (1994). The presumption is against jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006) (citing Kokkonen, 511 U.S. at 377). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff's First Amended Petition in Equity pleads 28 U.S. C. § 1331 as the basis for subject matter jurisdiction and states there is a "federal question concerning the Court's equitable authority to determine whether delegated power affecting property rights was exercised upon lawful authority." (ECF No. 16 at 3.) Plaintiff also states declaratory relief "is sought pursuant to 28 U.S.C. §§ 2201-2202, which authorize federal courts to declare the rights and legal relations of interested parties where an actual controversy exists." (Id.)

According to the First Amended Petition in Equity, defendant Clear Recon Corp. acted as trustee and exercised the power of sale for the sale of the foreclosed real property on May 22, 2024. (ECF No. 16 at 1.) Plaintiff alleges defendant NewRez LLC directed the trustee in the foreclosure process as loan servicer and defendant CitiBank, N.A. claims a beneficial interest in the secured obligation. (Id. at 2.) Plaintiff asks the court to use its "inherent equitable jurisdiction" to determine (1) whether the trustee exceeded the limited authority delegated under the Deed of Trust when exercising the power of sale; and (2) whether the entity directing the trustee possessed enforceable authority at the time the power of sale was exercised. (Id. at 3-4.) Plaintiff's First

Amended Petition in Equity states it does not bring any constitutional causes of action, civil rights claims, statutory foreclosure causes of action, fiduciary-duty tort theories, or other claims previously adjudicated in prior federal proceedings. (Id. at 7.)

Plaintiff argues the court has subject matter jurisdiction because he makes a direct challenge to defendants' authority to act. (ECF No. 23 at 6-7.) However, "the Declaratory Judgment Act does not by itself confer federal subject-matter jurisdiction." Nationwide Mut. Ins. Co. v. Liberatore, 408 F.3d 1158, 1161 (9th Cir. 2005); see also Unite Here Loc. 30 v. Sycuan Band of the Kumeyaay Nation, 35 F.4th 695, 702 (9th Cir. 2022) ("The Declaratory Judgment Act is a procedural device only and requires a separate independent basis for jurisdiction."). Moreover, plaintiff's allegation that there is federal question jurisdiction under 28 U.S.C. § 1331 is belied by the contents of the pleading.

"Federal question jurisdiction covers cases 'arising under the Constitution, laws, or treaties of the United States.'" Unite Here Loc. 30, 35 F.4th at 702 (quoting 28 U.S.C. § 1331). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1089 (9th Cir. 2002).

Plaintiff must allege facts, not mere conclusions, to invoke the court's jurisdiction. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff does not identify any federal law that creates his equitable cause of action or plead facts to raise any issue that turns on the construction of federal law. Nonjudicial foreclosures in California are governed by a comprehensive state statutory framework. See Moeller v. Lien, 25 Cal. App. 4th 822, 830 (1994) (citing Civil Code sections 2924 through 2924k). Plaintiff does not plead a claim based on federal law or a claim that presents a substantial federal question. The court lacks subject matter jurisdiction over the claims in the First Amended Petition in Equity.

The record indicates plaintiff cannot remedy the jurisdictional defect, as defendants NewRez LLC and CitiBank, N.A. previously alerted plaintiff to this problem in their motions to dismiss the original pleading plaintiff filed in this case. (ECF Nos. 9, 15.) Plaintiff then added his

present allegations that the court has federal question jurisdiction under 28 U.S. C. § 1331 and that declaratory relief is sought pursuant to 28 U.S.C. §§ 2201-2202, but these allegations still fail to establish the court's subject matter jurisdiction. Accordingly, the First Amended Petition in Equity should be dismissed for lack of subject matter jurisdiction.

**III. Leave to Amend**

Plaintiff's ex parte motion seeks leave to file a further proposed pleading with new claims and defendants. (ECF No. 26-1.) When a party may not amend as a matter of course, that party "may amend ... only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although courts should freely give leave when justice requires, a variety of reasons may be sufficient to deny leave to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Courts in the Ninth Circuit consider the following factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended its complaint." Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) (citing Leighton, 833 F.2d at 186-87 & n. 3). Absent prejudice or another strong showing against allowing amendment, a presumption in favor of granting leave to amend exists under Rule 15(a). See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Though styled as "Second Amended and Supplemental Petition in Equity," the proposed amended pleading seeks monetary damages, among other relief. (ECF No. 26-1.) Leave to file the proposed amended pleading should be denied as futile. See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (noting the court does not have to allow futile amendments).

Subject matter jurisdiction for the proposed second amended pleading hinges on plaintiff's procedural due process claim. Plaintiff proposes as new defendants the person alleged to have served as the Nevada County Superior Court Executive Officer and Clerk and the person alleged

to have served as the Presiding Judge of the Nevada County Superior Court "during the material 2023-2024 notice and supervision period." (ECF No. 26-1 at 3.) The procedural due process claim appears to be directed to the proceedings in an unlawful detainer case that followed the nonjudicial foreclosure at issue in plaintiff's prior case and the First Amended Petition in Equity. (Id. at 9-13.)[1] Plaintiff alleges he presented a "specific qualification issue" to the court regarding the qualification or oath of office of the Clerk/Court Executive Officer which went unresolved, and that his right to procedural due process was violated. (Id. at 5-7.) The allegations fail to plead a procedural due process claim for the following reasons.

With limited exceptions, judges and other judicial officers are absolutely immune from suit for judicial acts. See Forrester v. White, 484 U.S. 219, 227 (1988); In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002). Similarly, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis v. U.S. Bankr. Court, 828 F.2d 1385, 1390 (9th Cir. 1987) (citations omitted). Judicial immunity is overcome in only two sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity; second, a judge is not immune for actions taken in the complete absence of any jurisdiction. Mireles v. Waco, 502 U.S. 9, 11 (1991).

A violation of state oath law does not constitute an act taken in the absence of any jurisdiction. See generally, e.g., Cox v. Burton, No. 20-CV-08417-SI, 2021 WL 366918, at *2 (N.D. Cal. Feb. 3, 2021) ("Many lower courts have dismissed federal habeas claims that a defect in the judge's oath filing obligation deprives the state criminal court of jurisdiction."). Although plaintiff asserts he does not seek damages for protected judicial adjudication (ECF No. 26-1 at 12), he has not alleged a plausible procedural due process claim against either judicial defendant based on non-judicial conduct or action taken in the complete absence of any jurisdiction.

[1] The court takes judicial notice of the following records in the unlawful detainer action filed in the Nevada County Superior Court, Case No. CL0001902: Response to Summons and Memorandum Decision and Order regarding Bench Trial and Judgment. (ECF No. 19-1 at 26-39.) See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

In addition, the Rooker-Feldman doctrine bars federal jurisdiction over direct and de facto appeals from state court judgments. See Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003) ("[a suit] is a forbidden de facto appeal ... when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court"). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). If a suit amounts to a forbidden appeal, federal claims including constitutional challenges that are inextricably intertwined with the relevant state court judgment are similarly barred. Fontana Empire Ctr., LLC v. Cty. of Fontana, 307 F.3d 987, 992 (9th Cir. 2002).

Although plaintiff disclaims that he seeks to have this court review the unlawful detainer judgment (ECF No. 26-1 at 13), his proposed new constitutional claim is based on a theory that the unlawful detainer judgment violated his procedural due process rights because of a qualification issue relating to an oath of office. "[I]if a suit seeking damages for the execution of a judicial order is just a way to contest the order itself, then the Rooker–Feldman doctrine is in play." Busch v. Torres, 905 F. Supp. 766, 771 (C.D. Cal. 1995) (citing Homola v. McNamara, 59 F.3d 647, 651 (7th Cir. 1995)). Plaintiff complains of an alleged legal injury caused by the state court's judgment in the unlawful detainer case and seeks relief from that injury, which is a forbidden de facto appeal. See Noel, 341 F.3d at 1163. The court lacks jurisdiction over plaintiff's constitutional claim in the proposed second amended pleading. See Doe, 252 F.3d at 1030 ("Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined."); Jayaton-Kerry v. Cooper, No. 2:23-CV-02298-TLN-AC PS, 2024 WL 216265, at *8 (E.D. Cal. Jan. 19, 2024), report and recommendation adopted, No. 2:23-CV-02298-TLN-AC, 2024 WL 1576510 (E.D. Cal. Apr. 11, 2024) (holding the court lacked jurisdiction over each of the plaintiff's claims predicated on underlying assertion of a right to possess or occupy a subject property where the plaintiff denied that his claims arose from the foreclosure sale and eviction based on a refusal to

recognize the legitimacy of the foreclosure and eviction).

For these reasons, granting plaintiff leave to amend would be futile. Leave to file the proposed second amended pleading should be denied, and the ex parte request for a TRO should be denied as moot.

**IV. Conclusion and Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. Defendants' motions to dismiss (ECF Nos. 17, 18, and 19) be GRANTED.
2. Plaintiff's First Amended Petition in Equity be dismissed for lack of subject matter jurisdiction.
3. Plaintiff's ex parte motion requesting a temporary restraining order and leave to amend (ECF No. 26) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: 09/01/26

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, gilb26cv0153.fr