UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL EDWARD GILBERT.<br>Plaintiff,<br>v.<br>CLEAR RECON CORP., et al.,<br>Defendants. | No. 2:26-cv-00153-DAD-CKD (PS)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER, AND GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND</u><br><br>(Doc. Nos. 17, 18, 19, 26, 30) |

Plaintiff initiated this civil action by filing a complaint on January 20, 2026, and proceeds *pro se*. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(21).

On March 23, 2026, each of the defendants moved to dismiss plaintiff's complaint. (Doc. Nos. 17, 18, 19.) After those motions were fully briefed, on August 26, 2026, plaintiff filed a motion for a temporary restraining order seeking an order "to preserve the present configuration of the res." (Doc. No. 26 at 4.) On September 1, 2026, the assigned magistrate judge issued the pending findings and recommendations recommending that defendant's motions to dismiss be granted, that plaintiff's first amended complaint (characterized by plaintiff as a "first amended petition in equity") be dismissed without further leave to amend for lack of subject matter

jurisdiction, and that plaintiff's motion for a temporary restraining order be denied. (Doc. No. 30.) Specifically, the magistrate judge concluded that the court lacked subject matter jurisdiction over this action in which plaintiff once again sought to challenge state court foreclosure proceedings and that the pleading defects were such that the granting of leave to amend would be futile.

The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty–one (21) days of service. (*Id.* at 8.) On September 18, 2026, plaintiff filed objections to the findings and recommendations. (Doc. No. 32.) On September 21, 2026, defendant Newrez, LLC filed a response to plaintiff's objections (Doc. No. 33), and on September 25, 2026, defendant Citibank, N.A., did so as well (Doc. No. 34). In his objections plaintiff appears primarily focused on preserving his right to appeal, to pursue his state law claims, and to preserve any claims arising from future conduct. (Doc. No. 32 at 1–4.) In any event, nothing in plaintiff's objections provide any legitimate basis upon which the pending findings and recommendations should be rejected.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis

Accordingly:

1. The findings and recommendations issued September 1, 2026 (Doc. No. 30), are adopted in full;
2. Defendants' motions to dismiss (Doc. Nos. 17, 18, 19) are GRANTED;
3. Plaintiff's first amended complaint (Doc. No. 16), characterized by plaintiff as a first amended petition in equity, is dismissed for lack of subject matter jurisdiction and without leave to amend;
4. The court declines to exercise supplemental jurisdiction over any state claims asserted by plaintiff;
5. Plaintiff's motion for a temporary restraining order (Doc. No. 26) is denied;

/////

6. This action is dismissed; and

7. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 23, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE